# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAJA TALIBAH ZAHIR,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-454** |
| | : | |
| **STATE OF MARYLAND,** *et al.*, | : | |
|     **Defendants.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **NAJA TALIBAH ZAHIR,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-456** |
| | : | |
| **STATE OF MARYLAND,** *et al.*, | : | |
|     **Defendants.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| **NAJA TALIBAH ZAHIR,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-457** |
| | : | |
| **STATE OF MARYLAND,** *et al.*, | : | |
|     **Defendants.** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

**SÁNCHEZ, C.J.**                                                                                           **FEBRUARY 8, 2021**

These three cases, filed by *pro se* Plaintiff Naja Talibah Zahir on January 26, 2021, are each captioned a "Notice of Removal of Action Under 28 U.S.C. § 1441 – Diversity of Citizenship." Zahir has also moved in each case to proceed without the payment of fees. In her pleadings, Zahir seeks to remove state criminal cases filed in Maryland state courts to this Court. For the following reasons, Zahir's Motions to Proceed *In Forma Pauperis* will be granted and the Maryland criminal cases cited in the cases captioned above will be summarily remanded to their respective Maryland county courts pursuant to 28 U.S.C. § 1455(b)(4).

**I.    FACTUAL ALLEGATIONS**

In Civil Action 21-454, Zahir seeks to remove a criminal case styled *State of Maryland v. Zahir*, No. CJ200216, which she alleges was filed in the District Court of Maryland for Prince George's County and then moved to the Circuit Court of Maryland for Prince George's County. The exact nature of the criminal charges in that case is not stated in Zahir's pleading. In Civil Action 21-456, Zahir seeks to remove a criminal case styled *State of Maryland v. Zahir*, Nos. D-07-CR-18-010986, 1LH0JJ0, 1LJ0JJ0, 1LK0JJ0, 1LL0JJ0 filed in the District Court of Maryland for Anne Arundel County. That case involves both traffic offenses and a charge of fraudulent use of personal identification to avoid prosecution. (Civ. A. No. 21-456 ECF No. 1 at 5-6.) Civil Action 21-457 seeks to remove the same criminal case cited in Civ. A. No. 21-456. In each case, Zahir asserts that there is a "human trafficking operation" in Maryland that resulted in her receiving summonses to appear in Maryland courts. She claims to be the victim of treason and human trafficking from the Commonwealth of Virginia to the State of Maryland. She also asserts that the "human body" – presumably her own, *see Naja v. Hogan*, Civ. A. No. 20-6051 (E.D.Pa., ECF No. 52 at 25-28 (asserting Zahir has been a victim of human trafficking arising from her extradition from Virginia to Maryland) – "has been severely damaged from sexual

assault, torture and other rituals practiced by the agents." She contends that this Court was "given jurisdiction under 28 U.S.C. § 1331, and by queen naja, Trustee for the Royal Office for the Trustee," pursuant to the "Declarations and Public Notices" Zahir filed in another civil action she filed in this Court. *See Royal Decree, Naja v. Hogan*, Civ. A. No. 20-6051 (E.D.Pa., ECF No. 17.)

A review of public records indicates that the charges in *State of Maryland v. Zahir*, No. CJ200216, were filed in the District Court of Maryland for Prince George's County on February 13, 2020. *Id.* Those charges appear to be possession of forged identification documents and trespass on private property. *Id.* Zahir was arraigned on those charges on March 5, 2020. *Id.* The last event recorded on that docket is that Zahir failed to appear for trial on February 2, 2021. *Id.*

The public docket for *State of Maryland v. Zahir*, No. D-07-CR-18-010986, indicates that the charges brought in that case were the use of fraudulent personal identification documents to avoid prosecution, and possession and use of false government identification documents. Traffic citations Numbers 1LH0JJ0, 1LJ0JJ0, 1LK0JJ0, 1LL0JJ0 are listed as involving the same incident. *Id.* The arraignment in that case occurred on July 27, 2018 at which time Zahir waived her initial appearance and posted bond. *Id*. When Zahir failed to appear for a hearing on January 11, 2019, her bond was forfeited, and a bench warrant was issued. *Id*. She was apprehended, given an initial appearance, and held in custody as of March 13, 2019. She posted bond the next day and was released from custody. *Id.* She failed to appear again on April 12, 2019 and another bench warrant was issued. *Id*. She was again apprehended on January 22, 2020 and was rebonded and released from custody on January 31, 2020. *Id*. Trial on her charges is currently scheduled for May 18, 2021. *Id.*

**II.     DISCUSSION**

Although Zahir cites 28 U.S.C. § 1441 in the caption of her pleading, that statute governs the removal of civil cases from a state court to a federal court.  The statute providing procedures for removal of state criminal cases is 28 U.S.C. § 1455.  Under that statute, when a defendant in a state criminal case attempts to remove the case to federal court, the federal district court must promptly examine the Notice of Removal and determine whether the case can properly be removed.  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*

Removal should not be permitted because Zahir has failed to comply with the various procedural requirements for removal of a state criminal case.  First, Zahir's notices are untimely.  Under § 1455(b)(1) a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  The state court records indicate that Zahir was arraigned on the charges in *State of Maryland v. Zahir*, Nos. D-07-CR-18-010986 on July 27, 2018.  She was arraigned on the charges in *State of Maryland v. Zahir*, No. CJ200216 on February 13, 2020.  Accordingly, the deadlines for filing these removal actions under § 1455 has long ago passed.  Because the removal is otherwise deficient, there exists no good cause to grant leave to file the removal now after such a lengthy delay.

Second, the removal statute specifies that a state court defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within such prosecution is pending a notice of removal signed pursuant to

4

Rule 11 of the Federal Rules of Civil Procedure. . . ." 28 U.S.C. § 1455(a).  Under this provision Zahir cannot remove criminal matters from a Maryland state court to the United States District Court for the Eastern District of Pennsylvania.

Finally, Congress has provided for only a limited set of circumstances where a defendant may remove a criminal case to federal court.  First, 28 U.S.C. § 1442 provides for removal of civil and criminal actions against the United States or its officers acting under color of office. *See Minnesota v. Bugoni*, Crim. No. 15-157, 2015 WL 2451255 *2 (D. Minn. May 21, 2015) (summarizing provisions of 28 U.S.C. § 1442).  Zahir does not allege she falls within this provision.  Second, under § 1442a, where the criminal prosecution is against a member of the armed forces "on account of an act done under color of his office or status," the defendant may be able to remove the case to federal court.  Zahir does not allege that she falls within this provision either.  Third, § 1443 provides an additional basis for removal of a criminal prosecution. That statute provides:

> Any of the following . . . criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  The United States Supreme Court has held that in order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotations

omitted). Zahir makes no allegation that she is unable to obtain equal rights, nor do her allegations plausibly satisfy either prong of this test. At no point in the pleading does Zahir allege that she is attempting to remove her cases based on any form of racial inequality or that there is an express state law that prohibits her from exercising her rights under that civil rights law. Neither does she assert that the charged crimes arose from her action or refusal to act under color of a civil rights law. Rather, she makes only bald allegations that she is a victim of "treason and human trafficking from the Commonwealth of Virginia to the State of Maryland." Apparently, this is a reference to her being apprehended after bench warrants were issued for her arrest for failing to appear at court hearings. Her allegations that she "has been severely damaged from sexual assault, torture and other rituals practiced by the agents" is too vague to assert a plausible basis for removal of the criminal charges, even if the removal was timely and brought in the correct court.

### III.    CONCLUSION

Accordingly, the Court concludes there is no avenue available to Zahir for removal of any of the Maryland criminal cases to federal court. An appropriate Order for summary remand and to close these cases follows.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**